IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIAM CORTEZ ROBINSON                                          PLAINTIFF

v.                         No: 3:19-cv-00011 DPM-PSH

MATTHEW RICHARDSON                                                DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff William Cortez Robinson filed a complaint on January 22, 2019, against Mississippi County Deputy Sheriff Matthew Richardson (Doc. No. 2). Robinson does not specify in what capacity he sues Richardson. He seeks money damages.

Robinson's lawsuit concerns a traffic stop that occurred on January 28, 2018, in which Robinson was charged with speeding and not having insurance. Robinson pled guilty to those charges. According to the uncontroverted statement of facts Richardson

filed in support of his motion for summary judgment, Richardson smelled the odor of marijuana coming from Robinson's car during the traffic stop. He then handcuffed Robinson, searched him, and searched his vehicle. He discovered a baggie and a mason jar containing marijuana in the trunk of Robinson's car. *See* Doc. No. 22 at 2. Robinson brought various claims based on his detention and the search of his car. After screening his complaint,[1] the Court determined that Robinson's Fourth Amendment search and seizure claim and his claim for intentional infliction of emotional distress could proceed. *See* Doc. Nos. 10 & 12.

Richardson filed a motion for summary judgment, a brief in support, and a statement of facts asserting that he is entitled to summary judgment with respect to Robinson's claims (Doc. Nos. 20-22). Although Robinson was notified of his opportunity to file a response, he did not do so.[2] *See* Doc. No. 23. Because Robinson failed to controvert the facts set forth in Richardson's statement of facts, Doc. No. 22, those facts are deemed admitted. *See* Local Rule 56.1(c). For the reasons described herein, the undersigned recommends that Richardson's motion for summary judgment be granted.

## II. Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the

---

[1] Federal law requires courts to screen *in forma pauperis* complaints. 28 U.S.C. § 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e)(2).

[2] Robinson was also notified that if he failed to respond to the motion, the Court could assume that the facts set out in Richardson's statement of facts were true.

moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .". Fed. R. Civ. P. 56(c)(1)(A). A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. Undisputed Facts

The facts listed below are taken from those submitted by Richardson that are supported by documents attached to his statement of facts which include the Affidavit of Captain David Gladden, the January 28, 2018 police report (the "Richardson Report"), Robinson's arrest report, and relevant county policies (Doc. No. 22-1). Richardson also submitted Robinson's unsigned responses to Richardson's First Set of Requests for Admissions Propounded to Plaintiff (Doc. No. 22-2). Some facts alleged by Robinson in his complaint (Doc. No. 2) are also included.

1. On January 28, 2018, Richardson was patrolling the area of Highway 118 in Joiner, Arkansas, when he observed Robinson's vehicle traveling west on Highway 118. Doc. No. 2 at 5; Doc. No. 22-1 at 4, *Richardson Report*.

2. When Richardson observed Robinson's vehicle traveling west on Highway 118, Robinson's vehicle appeared to be traveling at a high rate of speed. Doc. No. 22-1 at 4.

3. Richardson engaged his radar and clocked Robinson's vehicle traveling 71 mph in a 55 mph zone. *Id.*

4. Robinson admits he was driving his vehicle at a speed in excess of the posted speed limit prior to being stopped by Richardson. Doc. No. 22-2 at 2.

5. Upon seeing the radar reading, Richardson engaged his emergency lights and pulled in behind Robinson's vehicle, which continued traveling over the I-55 overpass, finally stopping on the west side of the overpass. Doc. No. 22-1 at 4.

6. Robinson admits he had no proof of insurance in his possession at the time he was stopped by Richardson. Doc. No. 22-2 at 2.

7. When Richardson approached the vehicle and began speaking to Robinson, he smelled alcohol and marijuana emanating from Robinson's person and/or vehicle. Doc. No. 22-1 at 4.

8. When Richardson asked Robinson if he had been drinking, he admitted that he had been drinking earlier in the day and stated that he had been "in the presence of the odor" of marijuana that day, as well. Doc. No. 2 at 5; Doc. No. 22-1 at 4.

9. Richardson performed an HGN sobriety test, which yielded negative results. Doc. No. 22-1 at 4.

10. Richardson then detained Robinson, searched the vehicle, and found a baggie and a mason jar containing 3.1 ounces of a green leafy like substance he believed was marijuana. *Id.*

11. Richardson placed Robinson under arrest on charges of speeding, no proof of insurance, and misdemeanor possession of a controlled substance. *Id.*

12. At some point after his arrest, Robinson pleaded guilty to the speeding and no proof of insurance charges and was assessed a fine on those convictions. Doc. No. 22-2 at 2; Doc. No. 22-1 at 5. The misdemeanor possession charge was *nolle prossed*. Doc. No. 22-1 at 5.

## IV. Analysis

### A. Official Capacity Claims

Richardson argues that Robinson fails to state an official capacity claim. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Thus, a suit against Richardson in his official capacity is in essence a suit against the county itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998). A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir. 2013). Accordingly, as a county employee, Richardson can be held liable in his official capacity in this case only if Robinson can establish that a constitutional violation was committed pursuant to "(1) an 'official municipal policy,' . . . (2) an unofficial 'custom,' . . . ; or (3) a deliberately indifferent failure to train or supervise . . . ." *Corwin v. City of Indep., MO.*, 829 F.3d 695, 699–700 (8th Cir. 2016) (internal citations omitted).

In his complaint, Robinson does not assert that a custom or policy of Mississippi County was the moving force behind the claimed violations of his constitutional rights. Doc. No. 2. Accordingly, Richardson is entitled to summary judgment on Robinson's official capacity claims.

### B. Qualified Immunity – Individual Capacity Claims

Richardson argues he is entitled to qualified immunity with respect to Robinson's individual capacity claims. Qualified immunity protects government officials from

liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person [in their positions] would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law and is appropriately resolved on summary judgment. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). To determine whether a defendant is entitled to qualified immunity, the Court must consider two questions: (1) do the facts alleged by plaintiff establish a violation of a constitutional or statutory right; and (2) if so, was that right clearly established at the time of the defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). Courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Robinson does not challenge the initial traffic stop by Richardson; he acknowledges that he was speeding. However, Robinson alleges that Richardson violated his Fourth Amendment right to be free from unreasonable search and seizure by handcuffing him, searching him, and searching his vehicle. The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," and it generally requires probable cause for lawful searches and seizures. U.S. Const. amend. IV; *Katz v. United States*, 389 U.S. 347, 357 (1967).

"[A] person has been seized within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have

believed that he was not free to leave." *United States v. Mendenhall,* 446 U.S. 544, 554 (1980). An officer conducting a traffic stop may expand the scope of that stop if he "develops a reasonable, articulable suspicion" of some criminal activity unrelated to the traffic offense. *United States v. Bloomfield*, 40 F.3d 910, 916 (8th Cir. 1994). *See also United States v. Barahona,* 990 F.2d 412, 416 (8th Cir.1993) ("[I]f the responses of the detainee and the circumstances give rise to suspicions unrelated to the traffic offense, an officer may broaden his inquiry and satisfy those suspicions."). Such an investigative stop is a seizure but does not require probable cause, only a reasonable suspicion of criminal activity. In this case, Richardson told Robinson he was not under arrest but was handcuffed for both his and Robinson's safety. Richardson proceeded to search Robinson and Robinson's vehicle. Robinson does not provide any details about the search of his body and does not complain about the manner in which that search was conducted. The temporary seizure of Robinson while Richardson conducted a search of both Robinson and his car was warranted by a reasonable suspicion that Robinson had been smoking marijuana based on the smell of marijuana. Such a seizure is not prohibited by the Fourth Amendment.

It is well-settled that the smell of an illegal drug during a traffic stop establishes probable cause to search a vehicle.[3] The Eighth Circuit Court of Appeals has stated:

---

[3] Searches of a person's property are per se unreasonable if conducted without a warrant, subject to a few well-established exceptions. *United States v. Hill,* 386 F.3d 855, 858 (8th Cir. 2004). "The so-called 'automobile exception' permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. Kennedy,* 427 F.3d 1136, 1140–41 (8th Cir. 2005).

> "The Supreme Court has recognized that the odor of an illegal drug can be highly probative in establishing probable cause for a search." *United States v. Caves,* 890 F.2d 87, 90 (8th Cir. 1989) (citing *Johnson v. United States,* 333 U.S. 10, 13, 68 S.Ct. 367, 92 L.Ed. 436 (1948)).  This court has held numerous times that the smell of marijuana coming from a vehicle during a proper traffic stop gives an officer probable cause to search for drugs.  *See United States v. Barry,* 394 F.3d 1070, 1078 (8th Cir. 2005) (officer's observation of a mist in the vehicle, along with the smell of marijuana and air freshener gave the officer reasonable suspicion to detain defendant); *United States v. Peltier,* 217 F.3d 608, 610 (8th Cir. 2000) (deputy had probable cause to search a truck where the deputy smelled odor of burnt marijuana coming from the cab); *United States v. McCoy,* 200 F.3d 582, 584 (8th Cir. 2000) (the odor of burnt marijuana on the suspect and the smell of air freshener in the car gave officer probable cause to search the vehicle); *United States v. Neumann,* 183 F.3d 753, 756 (8th Cir. 1999) (officer's detection of the smell of burnt marijuana gave him probable cause to search the entire vehicle for drugs).

*United States v. Smith*, 789 F.3d 923, 928–29 (8th Cir. 2015).  Probable cause to search a vehicle extends to the trunk of the vehicle as well.  *See United States v. Ross,* 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."); see also *United States v. Winters*, 221 F.3d 1039, 1042 (8th Cir. 2000) ("[The smell of marijuana] created probable cause to search the car and its containers for drugs."); *United States v. McCoy*, 200 F.3d 582 (8th Cir. 2000) (officer had probable cause to search vehicle, including the trunk, for marijuana).

In this case, Richardson asserts, and Robinson does not dispute, that he smelled marijuana during Robinson's traffic stop.  It is also undisputed that Robinson told Richardson he had been "in the presence of the odor" of marijuana that day.  Because Richardson smelled marijuana and Robinson acknowledged he had been around the smell of marijuana that day, Richardson had reasonable suspicion to detain and search Robinson

9

and had probable cause to search Robinson's vehicle, including the trunk. Accordingly, Robinson has not established a constitutional violation, and Richardson is entitled to qualified immunity on Robinson's individual capacity claims.

### C. State Law Claims

Because Robinson's constitutional claims are subject to dismissal, the Court should decline to exercise jurisdiction over Robinson's state law claim for intentional infliction of emotional distress. *See Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed).

### IV. Conclusion

For the reasons described herein, the undersigned recommends that Richardson's motion for summary judgment (Doc. No. 20) be granted. Robinson fails to state official capacity claims, and Richardson is entitled to qualified immunity on Robinson's individual capacity Fourth Amendment claims. Robinson's Fourth Amendment claims should be dismissed with prejudice. The Court should decline to exercise supplemental jurisdiction as to Robinson's state law claims, and those claims should be dismissed without prejudice.

DATED this 31st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE